No. 168
KRUKEMEIER v. CLEVE. FIREMEN'S
LIFE INS. CO. ·
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4689. Decided Jan. 14, 1924
723. LIFE INSURANCE—Resignation from fire department one week before he died held not proof of insanity preventing assured's resigning benefits of life policy in firemen's insurance.
PER CURIAM.
Epitomized Opinion
First Publication of this Opinion
Krukemeier brought an action to recover insurance from the Cleveland Firemen's Life Insurance Company amounting to about $4,000 that she held on the life of her son, John Krukemeier. The plaintiff claimed this insurance covered the life of the deceased while he was in the employ of the fire department. The evidence disclosed that the deceased had resigned a week previous to his death, but the plaintiff claimed that the deceased was insane or mentally unsound at the time he resigned. It also showed that the deceased had told various other persons that he was going to resign and his attending physician testified that there were no external manifestations of insanity. The trial court directed a verdict, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held.

1. Taking the evidence altogether, there was no evidence that showed any mental incapacity which would prevent the deceased resigning the benefits of the contract, and therefore the court was right in directing the verdict.

Attorneys—Haserodt & Kaps, for Krukemeier; Tolles, Hogsett, Ginn & Morley, for Life Insurance Co.; all of Cleveland.

No. 169 ·
CURTIS-DAYTON CO. v. TIMKEN ROL.
BEARING CO.
Ohio Appeals, 7th Dist., Stark County
No. 511. Decided Oct. 27, 1923
755. MECHANICS LIENS—One furnishing lumber, sashes, door frames, etc., manufactured in his mill is a material man—Neither a material man nor laborer need serve notice to owner to perfect lien under 8312 GC.
PATTERSON, J.
Epitomized Opinion
First Publication of this Opinion
This was an action for material furnished the Timken Roller Bearing Company, consisting of lumber, sashes, door frames, etc. The plaintiff alleged that the assignor, the Crystal Park Lumber & Coal Company, had performed all of the conditions of the contract existing between it and the defendant in furnishing said material and that a lien was duly filed on said property within the statutory period, and that a copy of the affidavit was filed on defendant within 30 days after the filing of the lien. A demurrer was sustained to the petition. Error was prosecuted to the Court of Appeals and two questions presented to that court, to-wit: Whether or not the plaintiff was a material man as defined in 8323-0 GC. and secondly whether under 8312 GC. it was a condition precedent to the securing of a lien that the material men shall serve notice upon the owner such as is required by the original contractor or by a sub-contractor. The Court of Appeals held:

1. The petition showed that the plaintiff was a material man; under 8312 GC. it was not required as a condition precedent to a lien to serve a notice upon the owner.

2. Under 8312 GC. a contractor or a subcontractor is required as a condition precedent to a lien to serve a notice upon the owner, but neither a material man nor a laborer is required to serve such notice upon the owner.

Attorneys—L. W. Rogers, Clarence A. Fisher and Loren E. Souors, for Curtis-Dayton Co.; Lynch, Day, Fimple & Lynch, for Timken Roller Bearing Co.; all of Canton.